U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 2 7 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRIS JAMES | CIVIL ACTION NO.: 1:11-00566 |
| VERSUS | |
| S.H.R.M. CATERING SERVICES, INC., d/b/a EUREST SUPPORT SERVICES, INC. and NOBLE DRILLING CORPORATION | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the court is a motion to reopen this case pursuant to Federal Rule of Civil Procedure 60 filed by *pro se* plaintiff Chris James. (Doc. 66). James seeks to reopen his case so he may obtain relief from this court's judgment and enforce a settlement agreement which he alleges the parties entered into in August 2013. Plaintiff's former counsel filed a motion for leave to intervene (Doc. 69) on March 17, 2016 and defendants filed an opposition to the motion to reopen on March 31, 2016 (Doc. 75).

### FACTS

Plaintiff, through counsel, initially filed the above entitled action on April 11, 2011, pursuant to the Jones Act for injuries he sustained while aboard the Rig NOBLE DANNY ADKINS. The case was set for trial on September 4, 2013 but ostensibly settled prior thereto, according to the following chronology.

On August 15, 2013, the court issued a ruling and order granting Noble Drilling Company's motion for summary judgment and dismissing James' claims against it. (Doc. 61 & 62).

On or about August 27, 2013, plaintiff's attorneys notified opposing counsel and the court that the matter settled and the case could be dismissed. Accordingly, we issued an order of dismissal stating "IT IS ORDERED this action is DISMISSED, without prejudice to the right, upon good cause showing within sixty (60) days of the signing of this Order, to reopen the action if the settlement is not consummated" and we closed the case. (Doc. 63).

On November 26, 2013, we granted a motion to withdraw filed jointly by James' attorneys of record (Doc. 65).

On August 14, 2014, through new counsel, James filed a petition for damages in the Civil District Court, Parish of Orleans, docket number 14-8019. Therein, he alleged claims of legal malpractice against the attorneys who represented him this matter. Among the allegations in his complaint were that his former attorneys settled this lawsuit without his authority, knowledge or consent and that his former attorneys did not seek to reopen this case even after learning he would not agree to the proposed settlement. On August 17, 2015, through his new counsel, James and former counsel filed a joint motion for dismissal with prejudice indicating that the state court matter was resolved and the matter could be dismissed with prejudice.

On March 8, 2016, James filed the instant motion to reopen this federal matter. He now alleges that the settlement agreement between the parties was legally binding but was never paid. James further alleges that a dispute arising between his attorneys in the federal litigation and himself, prevented confection of the settlement. Accordingly, he seeks, pursuant to Federal Rule of Civil Procedure 60(b) to have this court reopen the matter and enforce the settlement agreement.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides six grounds for relief from a final judgment, order or proceeding:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying to prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Although James fails to specify which of these six enumerated grounds provides the relief he seeks, it is evident to the court that only grounds one and six are conceivably applicable. That said, the courts have long held that the catch-all provision in number six may not be used if the movant seeks relief under any of the first five enumerated grounds. Transit Casualty Co. v. Security Trust Co., 441 F.2d 788 (5th Cir.), cert. denied 404 U.S. 883 (1971); Liljeburg v. Health Services Acquisition Corp., 486 U.S. 847 (1988). Nonetheless, as James is proceeding *pro se*, we will evaluate the applicability of both grounds one and six out of an abundance of caution.

A Rule 60(b)(1) motion must be filed within a year of the entry of judgement or order. Fed.R.Civ.P. 60(c)(1). The order of dismissal was filed in August 2013 but James waited until March 2016 to file his motion. Accordingly, we cannot consider the motion for relief because of "mistake, inadvertence, surprise or excusable neglect" as it is untimely.[1]

Additionally, a motion for relief under subsection 6 requires the filing to be made "within a reasonable time". Fed.R.Civ.P. 60(c)(1). Whether the motion was filed within a reasonable time depends upon the circumstances of each case. In the instant matter, James was provided with a 60 day time frame in which to show us court that dismissal was not warranted. No such filing was

---

[1] Even if James' motion fell under sections 2 and 3 of Rule 60(b), they too would not be considered as the motion is made more than a year beyond the entry of judgment.

3

made. In fact, James failed to make any additional appearance in this matter until he filed the instant motion on March 8, 2016. This alone weighs heavily in finding that the filing was not made within a reasonable amount of time. Yet, the decision is further supported by assertions made in his state court petition.

James' state court cause of action was based, at least in part, on the fact he rejected the settlement agreement, his counsel failed to file a motion for good cause to reopen the case, and he lost his claim against the defendants in the federal suit. (Doc. 75-4). Accordingly, it is apparent to us that by August 14, 2014 – when James filed his state court action, he and his new attorney had sufficient knowledge of the potential remedies available to him. He could either have filed an out of time motion to reopen this case based on good cause or he could have pursued his state court malpractice action. James chose the latter, then waiting another year and a half to file the instant motion.

Even if the motion had been timely, James fails to assert any "extraordinary circumstances" which warrant the reopening of the case. James claims the parties failed to perfect the settlement agreement, but his position in his state court petition is clear that a settlement agreement was never reached. James rejected the offer. (Doc. 75-4). As such, the basis for the present motion is malpractice, and Fifth Circuit precedent does not allow for the reopening of a case when attorney malpractice forms the basis of the claim. Pryor v. U.S. Postal Service, 769 F.2d 281 (5th Cir.1985); In re Vioxx Products Liability Litigation, No. 12-30311, 2013 WL 363499 (5th Cir. Jan. 31, 2013) (unpublished).

Finally, and perhaps most importantly, the motion should be denied on the basis of judicial estoppel.

> Judicial estoppel applies to protect the integrity of the courts - preventing a litigant from contradicting its previous, inconsistent position when a court has adopted and

4

relied on it. See United States ex re. Am Bank v. C.I.T. Cont. Inc., 944 F.2d 253, 258-59 (5th Cir.1991). 'The doctrine of judicial estoppel "applies in cases where a party attempts to contradict his own sworn statements in the prior litigation."' Id. at 258 (quoting Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir.1988)). 'To achieve this purpose, many courts inquire whether the party "successfully maintained" its contrary position" previously. Id. at 258 (citation omitted).

Afram v. Carriers, Inc. v. Moeykens, 145 F.3d 298, 302 (5th Cir.1998). See also Ahrens v. Perot Systems Corp., 205 F.3d 831 (5th Cir.2008).

James took the position in his state court action that his attorneys settled his claims without his consent and he suffered damages as a result. Specifically, he alleged the malpractice resulted in the: "loss of his claim and the ability to pursue his claim", "loss of the ability to fairly negotiate his claim", "loss of general and special damages sought" and "loss of expenses [and] costs incurred" in this action. (Doc. 75-4, p.8). James NOW asserts the parties reached a settlement in the federal suit which, he says, was a binding contract and we should grant extraordinary relief by granting his 60(b) motion to allow the parties to perfect the agreement. "Generally, judicial estoppel is invoked where intentional self-contradiction is being used as a means of obtaining an unfair advantage in a forum provided for suitors seeking justice." In re Superior Crewboats, Inc., 374 F.3d 330, 334-35 (5th Cir.2004). The court finds that to be the case here. Accordingly,

**IT IS HEREBY ORDERED** that James' Motion to Reopen Case for Relief from Judgment Dismissing Case & Enforcement of Settlement (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Intervene (Doc. 69) is **DENIED** as moot.

SIGNED this 26th day of April, 2016 at Alexandria, Louisiana.

**DEE D. DRELL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**